## George Phillip Eckert v. Henry Weilmuenster, Sr.

1. ADVERSE POSSESSION—*Must Be Exclusive and Notorious.*—In order to give a title by adverse possession it is sufficient if the land is appropriated to individual use in such manner as to apprise the community or neighborhood that the land is in the exclusive use and enjoyment of another.

Forcible Entry and Detainer.—Error to the County Court of St. Clair County; the Hon. WILLIAM HARTZELL, Judge presiding. Heard in this court at the February term, 1902. Affirmed. Opinion filed September 11, 1902.

WINKELMANN & BAER, attorneys for plaintiff in error.

WEBB & WEBB, attorneys for defendant in error.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This is an action of forcible entry and detainer. It was tried before a justice of the peace, where a verdict was rendered against the defendant, who appealed to the County Court of St. Clair County, where verdict was entered against the plaintiff, from which he appeals to this court.

The complaint describes the parcel of land as follows:

" Beginning at a point twenty-seven feet due east of a point 105 feet due south of the northeast corner of lot number five (5) of the Mill Company's First Addition to the Town of Darmstadt, in St. Clair county, in the State of Illinois, from the said beginning point run south thirty-six (36) feet; thence east twenty-three (23) feet; thence north thirty-six (36) feet; thence west twenty-three (23) feet to the beginning point, situated in the town of Darmstadt, in the county of St. Clair, in the State of Illinois."

In 1864, the Mill Company, composed of Martin Eckert, Henry Eckert and others, laid out an addition to the town of Darmstadt. The addition was platted by the surveyor of St. Clair county into twenty-three lots, and it extended Jackson street, in the old town, through lot one. On the plat made by him are lots 5 and 9, and certain other lots,

and between these lots 5 and 9, a strip fifty feet wide. These other lots, including lots 5 and 9 and the strip, are no part of the addition laid out by the St. Clair county surveyor, but he certifies that Stauder, surveyor of Washington county, has laid out eight lots, " as he finds from a report made by the surveyor of Washington county," and includes them in his plat which is recorded in the St. Clair county recorder's office. Lot 5 was at that time occupied by Martin Eckert, and lot 9 by Henry Eckert.

On said plat is the following acknowledgment:

" We, the undersigned, do hereby certify that the within plat as laid out of the Mill Company's Addition to the town of Darmstadt, is in accordance with our direction and wishes, as witness our hands and seals this 16th day of August, 1864."

This is signed and sealed by George Martin Eckert, Henry Eckert and others.

Jackson street runs north and south to Mills street which is the northern boundary of lots 5 and 9, and as appears on the plat, extends south from Mills street between lots 5 and 9, and includes the twenty-seven by thirty-six-feet parcel in question.

In 1879, Henry Eckert conveyed lot 9 and all his interest to Martin Eckert. Martin Eckert conveyed lot 9 to Schultz, and in January, 1897, Schultz conveyed lot 9 to the defendant, Weilmuenster.

In August, 1894, Martin sold lot 5 to plaintiff in error, together with all his interest there, including a five-acre pasture lot at the south end of the strip.

In 1894, there was a hedge fence on the west line of lot 9; a plank fence on the east line of lot 5, and 105 feet south from the northeast corner of lot 5, there was a plank fence (with a gate opening in the middle). This fence ran across the strip from lot 5 to lot 9. On the south end of the fifty-feet strip is a paling fence (with a gate opening into plaintiff's pasture).

In 1898, defendant removed the hedge fence from the west line of lot 9, and thereupon plaintiff put up a wire

fence within eighteen inches from defendant's west line, so as to keep inclosed what is called the cow lot, in which plaintiff kept his cows.

It will be noted from this statement that while that part of the plat of the Mill Company's addition made by the surveyor of Washington county does not convey the fee of the extension of Jackson street between lots 5 and 9 to the town of Darmstadt, for the reason that it is not certified by the surveyor of St. Clair county, in which the town of Darmstadt is situated, yet the plat as certified by the surveyor of St. Clair county, refers to it and embraces it, and that it is of record, and that it is in "accordance with the wishes and direction of George Martin Eckert and Henry Eckert, through whom appellant derives title to lot 5.

It is shown by evidence and by a small plat attached, that there is a fence 105 feet south of the north boundary of lots 5 and 9, with a gate in it, thus leaving open to the public that part of Jackson street between the fence and Mill street, as platted by the surveyor of Washington county.

It is in evidence that appellant has for several years penned his cows in the lower or south part of the strip. It is also in evidence that appellee has used this strip as a passage way or street repeatedly, as he saw fit, since 1897, when he bought lot 9.

Appellee testifies : "Have known the street dividing my place from Mr. Eckert since it was laid out. The space that divides our lots is Jackson street. * * * I still use it for my own purposes, hauling water through there sometimes, hauling manure on my place, also hauling straw or potatoes."

He is corroborated by other witnesses.

Christian Teillman testified : "Have lived in Darmstadt forty years; that is Jackson street; since it was surveyed and laid out it was Jackson street, of course, and the people of Darmstadt and the people generally around there used that street when occasion required."

Peter Steinheimer: "Have known that street about eighteen years. It is known by Jackson street. I know of my own knowledge that the people used it when they need it."

Michael Juenger : " Am acquainted with Mr. Eckert and Mr. Weilmuenster. Am acquainted with the street that separates their premises. Have known it eleven years. It is Jackson street. The people of Darmstadt use it for a street."

Conrad Heberer : " Have lived in Darmstadt twenty-six years. As far as I know they call it Jackson street. I lived on Jackson street, and that's the same. The people of Darmstadt, Mr. Weilmuenster included, use it as a street."

Henry Eckert, brother of the plaintiff, testifies : " I lived in the same house where Mr. Weilmuenster lives from 1864 to 1879. Yes, sir. Guess it is Jackson street. It is known as Jackson street by the people of Darmstadt."

John Weilmuenster : " They call it Jackson street. Everybody in town knows it. Have seen other people down on that street. Everybody used that street who had occasion to use it."

Henry Knecht, for defendant, testifies : " I have known that street long enough. It has been a street. I went through there with a wagon."

Adam Weilmuenster, for defendant, testifies : " Have lived in Darmstadt sixty-two years. Have known that street since they laid it out. I went through there and never thought anything about it."

The intent to dedicate this fifty-foot strip as a street is clearly shown by the acknowledgment in the plat of the St. Clair county surveyor. While it was not a statutory dedication, that part of the plat not being certified to by the surveyor of St. Clair county, it was referred to in his certificate, and embraced in the plat made by him, as having been made by the surveyor of Washington county, and was recorded in St. Clair county.

The evidence above cited tends strongly to prove an acceptance by the public, and a recognition of the strip as Jackson street from the time of the filing of the plat to the present time. The fact that a part of this strip may have been occupied since 1894 by appellee as a cow pen, or that there was a fence with a gate in it through which the public passed at will, could not defeat the right of the public to its use as a street, if it was dedicated and accepted as such.

But we think, under the evidence, it is not necessary in

affirming the judgment to hold that the strip is a public street. With no claim whatever of ownership, and basing a right to recover solely upon occupancy, we think the evidence fails to show such exclusive use and enjoyment as are necessary to sustain an action of forcible entry and detainer.

Such possession must be exclusive and notorious. The general rule as to such possession is thus stated in Brooks v. Bruyn, 18 Ill. 542:

"As a general rule, it is sufficient, if the land is appropriated to individual use in such manner as to apprise the community or neighborhood of its locality, that the land is in the exclusive use and enjoyment of another."

To the same effect are Lancey v. Brock, 110 Ill. 612; Keith v. Keith, 104 Ill. 402; St. L., A. & T. H. R. R. Co. v. Nugent, 152 Ill. 124.

The instructions, when construed as a series, fairly presented the law of the case to the jury.

Instructions 9 and 12, given for appellee, when so considered, did not tend to mislead the jury. Judgment affirmed.